# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SCOTT E. COLE and MICHELLE L. COLE,

        Plaintiffs,

v.                                     Case No. 09-1107-MLB-DWB

JOHN T. PYLE, II, et al.,

        Defendants.

## MEMORANDUM AND ORDER

On December 31, 2009, Defendant file a Motion to Compel (Doc. 53), seeking production of a document identified during the deposition of Plaintiff's expert witness, and seeking an expedited hearing on the motion. Plaintiff filed a Resistance to Motion to Compel on January 4, 2010 (Doc. 60), and the court conducted a telephone hearing on January 4, 2010 with counsel. Plaintiff appeared through D. Raymond Walton and Defendant appeared through John H. Gibson. During the hearing, Plaintiff's counsel sought permission to submit the document at issue to the court for *in camera* inspection. Defendant did not object, and the court has now reviewed, *in camera*, the subject document which was identified as Exhibit 68 in the December 22, 2009, deposition of Thomas Kunz. After hearing arguments, the court is now prepared to rule.

Fed. R. Civ. P. 26(b)(2) governs disclosures of expert testimony and requires an expert report which is to include, *inter alia*, "(ii) the data or other information considered by the witness in forming them [the opinions of the witness]." Significant controversy existed after this rule was revised in 1993 as to whether all documents provided to the expert by counsel must be disclosed. It now appears that a majority of courts are following a "bright line" rule which requires production of

all such documents, including documents which may constitute attorney opinion work product. *See* Elm Grove Coal Co. v. Director, 480 F.3d 278, 302 n. 4 (4th Cir. 2007) ("[W]e join the 'overwhelming majority' of courts . . . in holding that Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testify experts.") The bright-line interpretation follows the guidance of the Advisory Committee Notes concerning the 1993 revisions to Rule 26 which cautions that the obligation to disclose "other information" (as that phrase is used in Rule 26(a)(2)(B)), means that

> litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions - whether or not ultimately relied upon by the expert - are privileged or otherwise protected from disclosure when such persons are testifying or being deposed."

Advisory Committee Note to Fed. R. Civ. P. 26(a)(2)(B), 146 F.R.D. 401, 634 (1993).

The court has been unable to find any decision by the Tenth Circuit which adopts the bright line rule.[1] Other district courts in the Tenth Circuit, including Kansas, have adopted and applied the bright-line rule. In Johnson v. Gmeinder 191 F.R.D. 638, 645-647 (D. Kan., 2000), Judge Waxse reviewed the 1993 revisions to Rule 26(b)(2)(B) and concluded:

> In sum, the policy reasons, the plain language of amended Rule 26(a)(2)(B), the Advisory Committee Note, and the weight of authority supports this Court's conclusion that <u>any type of privileged material</u>, including materials or documents prepared by a non-testifying expert, lose their privileged status when disclosed to, and considered by, a testifying expert. The Court therefore holds that Plaintiffs have met their burden to establish a legal basis for waiver. (emphasis added).

---

[1] Decisions from the Fourth, Sixth and Federal Circuits are reviewed and discussed in Oklahoma v. Tyson Foods, Inc., No. 05-CV-329-GKF-PJC, 2009 WL 1578937, * 2 (N.D. Okla., Jun. 2, 2009). *See also*, Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co., 412 F.3d 745, 751 (7th Cir. 2005.)

*See also*, Oklahoma v. Tyson Foods, Inc., No. 05-CV-329-GKF-PJC, 2009 WL 1578937, * 2-4 (N.D.Okla., Jun. 2, 2009) (adopting the bright-line rule); Garfinkel v. Gerbaz, No. 08-cv-2462-RPM-LTD, 2009 WL 4611477, * 1-2 (D. Colo., Dec. 2, 2009) (same).

In Plaintiffs' response, it is argued that the expert witness, Tom Kunz, did not indicate that he "relied" on anything in the e-mail which is Exhibit 68. (Doc. 60 at 2-3.) However, the deposition transcript attached to Defendant's motion establishes that Kunz received the e-mail from Plaintiffs' counsel's assistant, he printed it out, highlighted a copy and retained that copy as part of his file. (Doc. 53-1 at 6-7.) The final language in the 1993 revisions to Rule 26(a)(2)(B) used the word "considered" rather than "relied on" in describing the documents to be produced; this difference in wording clearly is broader in scope since the phrase 'relied upon' would presumably require some dependence on the information. *See* Western Resources, Inc. v. Union Pacific Railroad Co., No. 00-2043-CM, 2002 WL 181494, * 9 (D. Kan., Jan. 31, 2002).

An expert is deemed to have "considered" materials for purposes of Rule 26(a)(2)(B) where "the expert has read or reviewed the privileged materials before or in connection with formulating his or her opinion." Johnson v. Gmeinder, 191 F.R.D. at 649. *See also*, Oklahoma v. Tyson Foods, 2009 WL 1578937, * 7 ("It is not whether Dr. Ginn *evaluated* temperature data . . . . It is whether he *considered* the information, *i.e.,* whether he reviewed, reflected upon, read and/or used the information in connection with the formulation of his opinions, even if he ultimately rejected the information."); Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co. 412 F.3d at 751 ("A testifying expert must disclose and therefore retain whatever materials are given him to review in preparing his testimony, even if in the end he does not rely on them in formulating his expert opinion, because such materials often contain effective ammunition for cross-examination.")

Here, there is little question that Mr. Kunz "considered" the information in Exhibit 68 in connection with his expert opinions since he reviewed it, highlighted it and saved it in his file.[2] Therefore, notwithstanding Plaintiffs' claims of attorney-client privilege and work product, the court concludes that Plaintiffs have waived those privileges by providing Exhibit 68 to their testifying expert and therefore that document must be produced to Defendant.

Finally, Plaintiffs ask the court to consider redacting Exhibit 68 to remove any legal opinions expressed in the email by their attorney. However, since the bright-line rule constitutes a waiver of all privileges which might be claimed on materials furnished to a testifying expert witness, any such redaction is not appropriate.

**IT IS THEREFORE ORDERED** that Plaintiffs produce to Defendant a full, unredacted copy of Exhibit 68 to the December 22, 2009 deposition of Thomas Kunz, and that the document be produced forthwith and in advance of the evidentiary deposition of Mr. Kunz which is scheduled for January 6, 2010.

Dated this 4th day of January, 2010, at Wichita, Kansas.

        s/ DONALD W. BOSTWICK
        Donald W. Bostwick
        U.S. Magistrate Judge

---

[2] Plaintiffs argue that this email was not really information provided to Kunz for use in formulating his opinion; rather it was a compilation of questions which Kunz himself had raised during a conversation with Plaintiffs' counsel. The email does recite what Kunz thought about financial information that had previously been provided to him by Plaintiffs and how that information should be used in his expert report. The court does not believe that this removes the document from the production requirements of Rule 26(a)(2)(B). The document was copied to Kunz, presumably so that his concerns about his report could be addressed by Plaintiffs. As such, Defendant should be entitled to cross-examine Kunz about whether this document, and the information included in the document, were ultimately addressed in his final expert report or not.